UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CARLOS LUNA,

        Plaintiff,

-vs-                              Case No:

MARINETTE MARINE CORPORATION,

        Defendant.

## COMPLAINT

This is a civil action alleging deprivation of the plaintiff, Carlos Luna's rights under 42 U.S.C. Section 1981 and Title VII of the Civil Rights Act of 1964, as amended. Specifically, Mr. Luna, an Hispanic American, alleges that he was subjected to differential treatment in the terms and conditions of his employment with Marinette Marine Corporation (hereinafter, "defendant") because of his race, and because he opposed discriminatory practices in the manner by which the defendant treated employees.

### I. JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

2. Venue in this action lies in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b).

1

## II. PARTIES

3. The plaintiff, Carlos Luna, is an adult resident of the State of Texas, currently residing at P.O. Box 868, Alamo, TX 78516. The plaintiff is a Mexican American Male with dark skin.

4. The defendant Marinette Marine Corporation System (hereinafter, "MMC") is a is a corporation licensed to do business in the State of Wisconsin whose current business address is 1600 Ely Street, Marinette, Wisconsin 54143 and whose registered agent for the purposes of service of process is G&K Wisconsin Services, LLC, 780 North Water Street, Milwaukee, WI 53202-3590.

5. The Defendant is an employer within the meaning of and subject to the provisions of 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § § 2000e(b), (g) and (h). .

## III. FACTUAL ALLEGATIONS

6. The Plaintiff began his employment with the Defendant on September 25, 2006.

7. Over the course of his employment, the Plaintiff was treated differently than his non-minority counterparts in terms and conditions of his employment including but not limited to, discipline, harassment, and termination.

8. This differential treatment of Mexican Americans and other minorities is part of a consistent pattern and practice of the Defendant.

9. Beginning in February 2007, the Plaintiff was subjected to hostile and intimidating work environment which included offensive race-and-national origin-

2

based graffiti on the Defendant's premises and derogatory race-and-national origin-based comments from his supervisor.

10. At all times relevant to this Complaint, the Defendant was aware or through reasonable diligence and according to its own internal policies should have been aware of the discriminatory treatment of the Plaintiff, but took no steps to ameliorate or address the discrimination.

11. Faced with the realization that the defendant would never take any effective measures to affirmatively remedy or prevent the pattern of continuing discrimination he had endured at MMC, but would instead continue to discriminate against him and force him to bear the entire burden of his supervisor's and defendant's own misconduct by acquiescing in continuing discrimination against him. The plaintiff therefore found his circumstances intolerable and concluded that he had no alternative but to resign his employment, which he did effectively in April 2007 by not showing up for work for three consecutive days, which the defendant cited as the purported reason for the Plaintiff's termination.

12. Prior to his termination, on at least two occasions, the Plaintiff complained to supervisory personnel of the defendant, about the race and national origin discrimination of his supervisor.

13. Therefore, the defendant's unlawful conduct thus caused the plaintiff to be constructively discharged from his employment.

3

14. On June 18, 2007, the plaintiff filed a Complaint of Discrimination with the Wisconsin Equal Rights Division, alleging that the defendant discriminated against him based on his color and national origin.

15. On September 19, 2009, the Equal Employment Opportunity Commission filed Case No. 09-CV-00941 against MMC, which included references to the subject matter of this lawsuit and specifically named the plaintiff as an interested party in that case.

16. The EEOC, on behalf of a class of unnamed individuals, and MMC signed a Consent Decree, which was accepted by the Court on January 27, 2010, and settled the claims of the class of unnamed individuals, but did not resolve the plaintiff's claims.

17. On February 2, 2010, the EEOC issued a notice of right to sue to the plaintiff.

18. This complaint is being filed within 90 days of the issuance of the above-referenced right to sue letter.

### IV. FIRST CAUSE OF ACTION

19. For a first cause of action against the Defendant under 42 U.S.C. Section 1981 the plaintiff realleges each of the preceding paragraphs as though set forth herein.

20. In engaging in the conduct described in the preceding paragraphs, including but not limited to permitting and acquiescing in the posting of offensive race and national origin-based graffiti and permitting and condoning derogatory race and

4

national origin based comments, the defendant created a hostile work environment and otherwise discriminated against the plaintiff on the basis of his race and national origin, in violation of his rights under 42 U.S.C. Section 1981.

21. The defendant's conduct as described above caused the plaintiff substantial damages including but not necessarily limited to front and back wage and benefit loss, loss of earning capacity, emotional distress, loss of reputation and humiliation and embarrassment. The plaintiff will continue to suffer these damages in the future.

## V. SECOND CAUSE OF ACTION

22. For a second cause of action against the defendant under 42 U.S.C. Section 1981 the Plaintiff realleges each of the preceding paragraphs as though set forth herein.

23. In engaging in the conduct described in the preceding paragraphs, including but not necessarily limited to failing to ameliorate or otherwise address the race and national origin based hostility towards the plaintiff and terminating the plaintiff, the defendant retaliated against the plaintiff for opposing unlawful discriminatory practices in violation of his rights under 42 U.S.C. Section 1981.

24. The defendant's conduct as described above caused the plaintiff substantial damages including but not necessarily limited to front and back wage and benefit loss, loss of earning capacity, emotional distress, loss of reputation and humiliation and embarrassment. The plaintiff will continue to suffer these damages in the future.

## IV. THIRD CAUSE OF ACTION

25. For a third cause of action against defendant under Title VII, the plaintiff realleges each of the preceding paragraphs as though set forth herein.

26. Through the unlawful conduct described in the preceding paragraphs, including but not limited to continuing hostility, harassment and differential treatment in discipline and other terms and conditions of employment based on race, color and national origin, and retaliation for having opposed and complained of unlawful discrimination, and constructive discharge, the defendant discriminated and retaliated against the plaintiff because of his color, race, and national origin in violation of his rights under Title VII.

27. The defendant's conduct as described above caused the plaintiff substantial damages including but not necessarily limited to front and back wage and benefit loss, loss of earning capacity, severe emotional distress, loss of reputation and humiliation and embarrassment. The plaintiff will continue to suffer these damages in the future.

## VI. CAUSE OF ACTION – PUNITIVE DAMAGES

28. The defendant's actions as alleged above were intentional and undertaken with malice and reckless indifference to the plaintiff's rights under 42 U.S.C. Section 1981 thereby entitling the plaintiff to an award of punitive damages.

## VII. JURY DEMAND

The plaintiff demands that the issues in the above-captioned matter be tried by a jury of twelve (12) persons.

WHEREFORE, the plaintiff demands judgment in his favor on all of his claims and relief as follows:

    A.    Back wage and benefit loss;

    B.    Front pay and benefit loss;

    C.    Loss of earning capacity;

    D.    Compensatory damages in an amount to be determined;

    E.    Punitive damages in an amount to be determined;

    F.    Plaintiff's reasonable attorney's fees and costs incurred in bringing this action.

    G.    An order enjoining the defendant from further engaging in unlawful and discrimination practices; and

    H.    For such other relief as the Court may deem just and proper.

Dated at Milwaukee, Wisconsin this 15th day of April, 2010.

    Respectfully submitted:

    Attorneys for the Plaintiff,

FOX & FOX, S.C.

_____
State Bar No. 1037925
735 W. Milwaukee Avenue, 12th Floor
Milwaukee, WI 53233
T: 414/326-3260
124 West Broadway
Monona, WI 53716
T: 608/258-9588
pfox@foxquick.com